# FLORENTINA SANTIAGO Y MUNIZ ET AL., Plff.,

*v.*

# MIGUEL AMANGUAL, Dft.

---

San Juan, Law, No. 1024.

CITING IN WARRANTOR.

Complaint—Material Amendment.
   1. A material amendment to a complaint amounts to a new plead-

Santiago y Muñiz v. Amangual.

> ing, and it is immaterial whether an amended complaint is filed or
> the amendment is written in the body of the complaint amended.

Grantor—Warranty Title—Party.

> 2. A grantee has a right to notify his grantor of the pendency of
> the suit, and the grantor thereafter, in a proper case, is bound to
> carry on the defense of the title which he expressly or impliedly
> warranted.

Opinion filed May 24, 1915.

———

*Messrs. Henry G. Molina* and *R. J. Van Deusen* for plaintiffs.

*Messrs. Savage & Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

Application is made by the defendant for an order citing in his grantor under § 1385 of the Civil Code of Porto Rico. That section is as follows:—

"A defendant vendee shall request, within the period fixed in the law of civil procedure for answering the suit, that notice thereof be given to the vendor or vendors within the shortest period possible.

"This notification shall be made in the manner established in said law for the summoning of defendants.

"The time to answer granted to the vendee shall be suspended until the expiration of that granted the vendor or vendors to appear and answer the complaint, and which periods shall be the same as those granted all defendants by the aforesaid law of civil procedure, counted from the notification prescribed in the first paragraph of this section.

Santiago y Muñiz v. Amangual.

"Should the persons summoned for eviction not appear in the proper time and manner, the period in which to answer the suit shall continue with regard to the vendee."

1. The plaintiffs obtained leave to amend their complaint by adding certain other parties plaintiff, but all, as alleged in the argument, under the same title and under the same deed. The plaintiffs now contend that this did not amount to a new pleading, and does not give the defendant the right, under § 1385 of the Civil Code, to call in his warrantor, which must under that law be done within the same period as the time given for other pleading.

A material amendment of any kind, however, amounts to a new pleading. It is not material whether an amended complaint is filed or the amendment is written in red ink or otherwise in the body of the old complaint. Particularly is this true in regard to parties in an ejectment suit. The suit is not complete as to the defendants, unless all owners or claimants to be owners are included. In the case at bar the defendants must answer in five days, and that was in the mind of the court in fixing the trial five days off. If no answer is filed, the plaintiffs would have the right to take a judgment by default.

2. There can be no doubt of the right of a grantee under § 1385 of the Civil Code to notify his grantor, with the result that the grantor thereafter in a proper case is bound to carry on the defense of the title which he expressly or impliedly warranted. The same rule obtains at common law.

3. The question in this case, however, is whether the court will make such an order now when the record shows that identically the same order was made a year ago. It is true that the defendant for reasons which seemed satisfactory did not take

VIII. Porto Rico—8.

Santiago y Muñiz v. Amangual.

advantage of this order and call in the grantor, but the order is in general terms, and no reason appears why it is not still in force. The defendant can call in his grantor to-day as well as he could six months ago, and it does not appear that there is any reason why another order should be made to the same effect.

It follows, therefore, that the motion must be denied.